**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CONSTANCE LINDSAY,<br><br>Petitioner,<br><br>v.<br><br>LEONARD ODDO, *et al.*,<br><br>Respondents. | ) | 3:26-CV-1369 |

**<u>MEMORANDUM ORDER</u>**

Pending now before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF 1) filed by Constance Lindsay. Respondents filed their response on July 17, 2026 (ECF 5), and Ms. Lindsay filed her reply on July 22, 2026 (ECF 6). The petition is now fully briefed and ready for disposition. On careful review, the Court will deny it.

Ms. Lindsay is a citizen of Jamaica who became a permanent resident around June 2, 2022. ECF 1 at 2. On July 24, 2025, Ms. Lindsay arrived at the Miami International Airport after a trip abroad, but during her inspection at the airport's Passport Control, a criminal record system query revealed that Ms. Lindsay had been arrested and convicted of attempted drug smuggling in Sint Maarten. *Id.;* ECF 5 at 2. She was then released and ordered to report to a Deferred Inspections Office in Philadelphia at a later date. ECF 1 at 3; ECF 5 at 2.

At her second deferred inspection appointment on November 24, 2025, Ms. Lindsay was arrested by ICE officials and issued a Notice to Appear, which alleged

her removability based on her foreign criminal conviction. ECF 1 at 3; ECF 5 at 2–3. Since that date, Ms. Lindsay has been detained at the Moshannon Valley Processing Center ("MVPC"). ECF 1 at 3; ECF 5 at 3.

On February 27, 2026, an Immigration Judge "found that the Department of Homeland Security (DHS) established by clear, unequivocal, and convincing evidence that [Ms. Lindsay] is removable as charged in the Notice to Appear" and ordered Ms. Lindsay removed to Jamaica. ECF 1-5 at 1; ECF 1 at 3; ECF 5 at 3. Ms. Lindsay then timely appealed this decision to the Board of Immigration Appeals ("BIA") on March 28, 2026, where it appears to still be pending. ECF 5-4 at 1; ECF 1 at 3; ECF 5 at 3. On May 23, 2026, a briefing schedule was issued by the BIA. ECF 1-7 at 1.

In her petition and subsequent reply, Ms. Lindsay asserts that she should be detained under § 1225(b) and that her "prolonged detention violates both substantive and procedural due process." ECF 1 at 8; ECF 6 at 3. Citing to the four-factor test found in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020), Ms. Lindsay contends that she has been detained for over 7 months (now over 8 months); that her detention is likely to continue; that she has not delayed her removal proceedings; and that her conditions of confinement are indistinguishable from criminal punishment. ECF 1 at 12–16. As relief, Ms. Lindsay "requests that this Court issue a writ of habeas corpus and order her immediate release from custody, with appropriate conditions of supervision if necessary[;]" or in the alternative, "requests that this Court conduct a bond hearing, at which (1) the government bears the burden of proving flight risk and/or dangerousness by clear

and convincing evidence and (2) the reviewing court considers alternatives to detention that could mitigate risk of flight." *Id.* at 3–4.

In turn, Respondents assert that Ms. Lindsay is properly detained under § 1226(c) and that her due process claim lacks merit because her *German Santos* claim is premature. ECF 5 at 4–5, 9. In particular, Respondents contend that Ms. Lindsay's length of detention is not currently unreasonable; that she is approaching the end of her removal proceedings; that the government has not improperly delayed the proceedings; and that she fails to allege any specific conditions of her confinement. *Id.* at 5–8.

Upon evaluation of the parties' arguments, the Court finds it unnecessary to determine whether Ms. Lindsay is properly subject to detention under § 1225(b) or § 1226(c) because 1) mandatory detention is required under both statutes (*see* 8 U.S.C. § 1225(b); § 1226(c)); and 2) the four *German Santos* factors can properly be applied to either detention. *See German Santos*, 965 F.3d at 210 (finding that aliens detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detentions if their detentions have become unreasonable); *c.f. Akhmadjanov v. Oddo*, No. 3:25-CV-35, 2025 WL 660663, at *2–4 (W.D. Pa. Feb. 28, 2025) (Haines, J.) (finding an arriving alien has the same due process right to a bond hearing as an alien detained pursuant to § 1226(c) once detention becomes unreasonable and applying the *German Santos* factors). As such, irrespective of which detention statute applies, the Court will conduct an analysis of the following four *German Santos* factors: (i) the duration of detention; (ii) whether the detention is likely to continue;

(iii) reasons for the delay; and (iv) whether the detainee's conditions of confinement are "meaningfully different from criminal punishment." *German Santos*, 965 F.3d at 210–11.

First, duration. Among these factors, "[t]he most important factor is the duration of detention." *Id.* at 211. Although there is no bright line test from the Third Circuit (*see id.*), "[c]ourts within this circuit have previously found detention for over one year weighs in favor of the petitioner." *See Nyamekye v. Oddo*, No. CV 22-240J, 2023 WL 9271844, at *3 (W.D. Pa. Mar. 28, 2023) (Lenihan, J.), R&R adopted, No. CR 3:22-CV-240, 2023 WL 9271879 (W.D. Pa. May 4, 2023) (Haines, J.). Here, Ms. Lindsay has only been in immigration detention for less than nine months. *See* ECF 6 at 1. Thus, due to its prematurity, this first factor weighs in favor of Respondents.

Second, a habeas court must consider "whether the detention is likely to continue." *German Santos,* 965 F.3d at 211. In *German Santos*, the Third Circuit found that this factor weighed in the petitioner's favor where he was awaiting BIA decision and potential Third Circuit review. *See id.* at 212. Here, Ms. Lindsay asserts that her removal proceedings are unlikely to end soon because her case is on appeal to the BIA (*see* ECF 16 at 2) and, if she receives an unfavorable decision, "she will appeal the denial to the Third Circuit." *See* ECF 1 at 13. Thus, following the Third Circuit's analysis in *German Santos*, the Court finds that the second factor weighs in favor of Ms. Lindsay.

Third, in assessing the impact of the reasons for delay upon the reasonableness

of detention, the petitioner's "appeals and applications for discretionary relief" are not held against her. *See German Santos,* 965 F.3d at 212. However, neither are delays or alleged errors held against the government "[a]bsent carelessness or bad faith[;]" for "[n]o system of justice can be error-free, and those errors require time to fix." *Id.* (citing *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011)). Here, neither party alleges any specific reasons for delay, other than BIA processing times (*see* ECF 1 at 14–15; ECF 5 at 7). And the BIA's almost two-month delay in issuing a briefing schedule does not rise to carelessness or bad faith. *C.f. Diop*, 656 F.3d at 224–25, 234 (finding unnecessary delay where very unclear decisions were issued by the IJ and evidence production was slow). Thus, this third factor remains neutral.

Fourth, when assessing the reasonableness of a petitioner's detention, "we cannot ignore the conditions of confinement." *German Santos*, 965 F.3d at 212–13 (citing *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015)). Namely, "under *German Santos*, this Court is required to examine the factual circumstances particular to [the p]etitioner in order to assess whether '[her] detention is indistinguishable from criminal punishment[,]' '[d]espite its civil label,' rather than rest its determination on generalized assessments of the history of the facility in which [she] is housed or the experiences of a petitioner in another case." *See Hernandez Trabanino v. Oddo,* No. 3:26-CV-175, 2026 WL 1893529, at *5 (W.D. Pa. July 1, 2026) (Haines, J.).

Here, Ms. Lindsay failed to provide any evidence related to her specific factual circumstances of confinement in her petition or reply, instead reciting generalizations

of others' conditions and reports. *See* ECF 1 at 16; ECF 6 at 2; *c.f. Reid v. Oddo,* No. 3:25-CV-237, 2025 WL 3123895, at *9 (W.D. Pa. Nov. 7, 2025) (Haines, J.) (finding that a petitioner's placement in solitary confinement in MVPC for several months was not distinguishable from criminal punishment, despite its civil label, and thus weighed in his favor). As such, due to the lack of specific evidence provided by Ms. Lindsay as to conditions applied to her, this fourth factor weighs in Respondents' favor.

Considering all of these factors holistically and giving some more weight to the present length of detention, the Court finds that detention here hasn't become unreasonable or risen to a due process violation at least at this time and on this record. Thus, the petition will be denied, albeit without prejudice to Ms. Lindsay's ability to seek relief in the future.[1]

For these reasons, Ms. Lindsay's Petition for Writ of Habeas Corpus (ECF 1) is hereby **DENIED** without prejudice. With no further action required by the Court at this time, the Clerk of Court shall mark this matter **CLOSED**.

DATED this 21st day of August, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

---

[1] Because the Court finds that a bond hearing is not currently warranted, it will not address any burden-shifting arguments made by either party. Further, as the petition is dismissed, the Court will also decline to enjoin Ms. Lindsay's transfer and will not award fees under the EAJA at this time.